[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 19, 1997
Section 52-2781 (a) of the Connecticut General Statutes provides in pertinent part that "An order (1) granting or denying a prejudgment remedy following a hearing under Section 52-278d or (2) granting or denying a motion to dissolve or modify a prejudgment remedy under Section 52-278e or (3) granting or denying a motion to preserve an existing prejudgment remedy under Section 52-278g shall be deemed a final judgment for purposes ofappeal (emphasis added).
Practice Book Section 204B provides that:
 (a) A party who wishes to reargue a decision or order rendered by the court shall, within twenty days from the issuance of notice of the rendition of the decision or order, file a motion to reargue setting forth the decision or order which is the subject of the motion, the name of the judge who rendered it, and the specific grounds for reargument upon CT Page 2666 which the party relies.
 (b) The judge who rendered the decision or order may, upon motion of a party and a showing of good cause, extend the time for filing a motion to reargue. Such motion for extension must be filed before the expiration of the twenty day time period in paragraph (a).
 (c) The motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, without a hearing, whether the motion to reargue should be granted. If the judge grants the motion, the judge shall schedule the matter for hearing on the relief requested.
 (d) This section shall not apply to motions to reargue decisions which are final judgments for purposes of appeal. Such motions shall be filed pursuant to Sec. 204A.
While the Defendant here has styled his Motion as a Motion to Reargue under Practice Book Section 204B, because Section 52-2781 (a) of the Connecticut General Statutes provides that an order granting prejudgment remedy attachment following a hearing shall be deemed a final judgment for purposes of appeal, it appears that such a Motion is not permissible under Practice Book Section 204B. Such a Motion to Reargue rather must be filed in accordance with the provisions of Practice Book Section 204A.
Although the Defendant has not filed its Motion to Reargue in technical compliance with the provisions of Practice Book Section 204A, the Court will nonetheless consider and rule upon said Motion as a 204A Motion.
Prior to the commencement of the hearing on the Plaintiff's Application for a Prejudgment remedy attachment, this Court specifically inquired of the Defendant regarding the Defendant's failure to have counsel represent him in said proceeding. The Court further advised the Defendant of the risks inherent in self representation. Notwithstanding such inquiries and warnings by the Court, the Defendant insisted that the hearing go forward and that the Defendant be permitted to represent himself in said hearing.
The Defendant, prior to the date upon which said hearing was CT Page 2667 held, had ample opportunity to obtain the services of an attorney to represent him in said hearing. The Defendant though freely, knowingly and voluntarily elected not to do so, preferring instead to represent himself in such hearing. To allow the Defendant a rehearing on the Application for a Prejudgment remedy matter now that an adverse ruling has been issued against the Defendant is patently unfair to the Plaintiff and to the Court. Accordingly, the Motion to Reargue is denied.
CARROLL, J.